UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

MARSHAL KIRCHIK,

    Plaintiff,

v.

GOLDEN PACIFIC REALTY, INC., a Florida corporation d/b/a THE LAUREL MOBILE HOME PARK; CANTRUST REAL ESTATE ENTERPRISE, LLC, a Florida limited liability company d/b/a THE LAUREL MOBILE HOME PARK; SHIRLEY CHEN, an individual; CHUNG LOU, an individual, And MIAO CHU LOU, an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiff, MARSHAL KIRCHIK, ("KIRCHIK"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, GOLDEN PACIFIC REALTY, INC. d/b/a THE LAUREL MOBILE HOME PARK (hereinafter "GOLDEN"), PARK; CANTRUST REAL ESTATE ENTERPRISE, LLC d/b/a THE LAUREL MOBILE HOME PARK (hereinafter, "CANTRUST"), SHIRLEY CHEN, an individual, CHUNG LOU, an individual and MIAO CHU LOU, an individual, and states as follows:

## INTRODUCTION

1. This is an action by Plaintiff to recover unpaid minimum wage and overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and, minimum wages under the Florida Minimum Wage Amendment ("FMWA"), Article X, §24 of the Florida Constitution.

1

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3. At all times pertinent to this Complaint, the Defendants operated as a single, unified enterprise engaged in operating a mobile home park. The Defendants coordinated their efforts and shared workers/resources in operating said mobile home park.

4. CANTRUST and GOLDEN were enterprises engaged in interstate commerce, respectively. At all times pertinent to this Complaint, the Defendants regularly owned and operated a business enterprise, respectively, engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5. The Defendants, all of which operated as a single unified business enterprise, operated a mobile home park in Lake Wales, Florida known as "The Laurel Mobile Home Park," located at 18721 U.S. Highway 27, Lake Wales, FL 33853.

6. Plaintiff's work at the Defendants' mobile home parks involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. These materials included office supplies, telephones, tools, electronic equipment, paper, and other materials necessary for the operation of a mobile home park. These materials were manufactured outside the State of Florida.

7. During the relevant time period, the Defendants employed at least two individuals, inclusive of the Plaintiff, who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials also included office supplies, telephones, tools, electronic

equipment, paper, and other materials necessary for the operation of a mobile home park. These materials were manufactured outside the State of Florida.

8. Upon information and belief, during the period of the Plaintiff's employment, the Defendants' enterprise had an annual gross volume of sales made or business done of not less than five hundred thousand dollars in accordance with §203(s)(1)(A)(ii).

9. In addition to the foregoing, Plaintiff is entitled to the protections of the FLSA as he was "individually covered" by that statute. During his employment, and as set forth below, he was required to use instrumentalities of interstate commerce on a regular and recurrent basis. The Plaintiff used instrumentalities of interstate commerce (telephone) on a regular and recurrent basis each week to, *inter alia,* assist in the operating of the Defendants' mobile home park, particularly as to prospective guests physically residing out-of-state.

10. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

11. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## **VENUE**

12. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida

       and,

    b. Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

13. At all times material hereto, Plaintiff, was a resident of Polk County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

14. At all times material hereto, the Defendants were conducting business in Polk County, Florida.

15. At all times material hereto, the Defendants were the employers of the Plaintiff.

16. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA, the Florida Minimum Wage Amendment (FMWA), Article X, §24 of the Florida Constitution.

17. At all times material hereto, Defendants failed to pay Plaintiff wages in conformance with the FLSA and the FMWA.

18. Defendants committed a willful, malicious, and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

19. At all times material hereto, GOLDEN and CANTRUST were each "enterprise[s] engaged in commerce" within the meaning of the FLSA.

20. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

21. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

22. From about 2015 through or about July 5, 2021, the Plaintiff, KIRCHIK was employed by the Defendants to operate their mobile home park in Lake Wales, Florida, known as the "The Laurel Mobile Home Park."

23. Plaintiff KIRCHIK was told by SHIRLEY CHEN that as part of his job duties, he would need to collect rent from guests, handle new tenants checking in, evicting tenants, securing operating licenses for the Laurel Mobile Home Park and to obtain a self-inking rubber stamp with his name appearing as the Resident Manager of the Laurel Mobile Home Park.

24. While employed at the Defendants' mobile home park, the Plaintiff performed a variety of services related to the Defendants' mobile home park, including but not limited to, hospitality, checking guests in/out, collecting payments, maintenance, repair, reservations, clerical work, and dealing with a variety of guest issues at all times of day and night.

25. The Defendants' mobile home park is frequently contacted by out-of-state residents seeking to make a reservation.  Because Plaintiff, KIRCHIK handled the telephone as part of operating Defendants' mobile home park business, the Plaintiff frequently would speak to mobile home park guests (or prospective guests) who were physically outside the State of Florida, regarding mobile home park business.

26. The Defendants failed to keep records in full compliance with the FLSA's recordkeeping requirements, with respect to the Plaintiff's employment.

27.  The Plaintiff worked for the Defendants approximately 9 hours per day, seven days per week.

28. The Plaintiff generally worked, on average, about 63 hours per week.

29.  During Plaintiff, KIRCHIK's employment, the Defendants failed to pay him at or above the applicable minimum wage for him hours worked.  The Defendants paid the Plaintiff *nothing* as wages.

30. Even though, Plaintiff, KIRCHIK worked in excess of forty hours per week, Defendants failed to pay him at the rate of time-and-one-half times the applicable minimum wage.

31. Defendant, SHIRLEY CHEN was a supervisor and manager/owner who was/is involved in the day-to-day operations of the Defendant companies, and was directly responsible for the supervision of Plaintiff  Therefore, she is personally liable for the FLSA and FMWA violations.

32. Defendant, SHIRLEY CHEN was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, KIRCHIK.

33. Defendant, CHUNG LOU was a supervisor and manager/owner who was/is involved in the day-to-day operations of the Defendant companies, and was directly responsible for the oversight of Plaintiff  Therefore, he is personally liable for the FLSA and FMWA violations.

34. Defendant, CHUNG LOU was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, KIRCHIK.

35. Defendant, MIAO CHU LOU was a supervisor and manager/owner who was/is involved in the day-to-day operations of the Defendant companies, and was directly responsible for the oversight of Plaintiff  Therefore, she is personally liable for the FLSA and FMWA violations.

36. Defendant, MIAO CHU LOU was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, KIRCHIK.

37. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

38. Plaintiff KIRCHIK realleges Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. Plaintiff, KIRCHIK's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

40. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid his minimum wages.

41. During Plaintiff, KIRCHIK's employment, Defendants paid him less than the statutory minimum wage for all of his work hours.

42. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff.

43. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in his favor for all unpaid minimum wages due;

b. liquidated damages;

c. attorneys' fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

44. Plaintiff, KIRCHIK, realleges Paragraphs 1 through 37 as if fully stated herein.

45. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff, KIRCHIK, at least the applicable Florida minimum wage.

46. During Plaintiff, KIRCHIK's employment, Defendants paid him less than the statutory minimum wage for all of his work hours.

47. The Defendants acted willfully and maliciously in paying Plaintiff below the minimum wage.

WHEREFORE, Plaintiff KIRCHIK respectfully requests that judgment be entered in his favor against the Defendants:

    a.    Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

    b.    Awarding Plaintiff all back wages due and owing in the amount calculated above;

    c.    Awarding Plaintiff liquidated damages in the amount equal to his back wages;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

    e.    Awarding Plaintiff prejudgment and post-judgment interest;

    f.    Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such violation; and,

    g.    Awarding such other and further relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

48. Plaintiff, KIRCHIK realleges Paragraphs 1 through 37 as if fully stated herein.

49. Since Plaintiff, KIRCHIK's date of hire with Defendants, in addition to Plaintiff's normal regular work week, the Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

50. Plaintiff KIRCHIK was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

51. Defendants failed to pay KIRCHIK overtime compensation in the lawful amount for hours worked by him in excess of the maximum hours provided for in the FLSA.

52. As set forth above, the Plaintiff, KIRCHIK worked about 23 hours of *overtime* (hours in excess of 40) per week throughout his employment.

53. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, KIRCHIK, at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due. Defendants also failed to properly disclose or apprise KIRCHIK of his rights under the FLSA.

54. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, KIRCHIK, is entitled to liquidated damages pursuant to the FLSA.

55. Due to the willful, malicious and unlawful acts of Defendants, Plaintiff, KIRCHIK has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, KIRCHIK, respectfully requests that judgment be entered in his favor against the Defendants:

    a. Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in the amount calculated ($15,347.75);

    c. Awarding Plaintiff liquidated damages;

  d.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

  e.  Awarding Plaintiff post-judgment interest; and

  f.  Ordering any other and further relief this Court deems to be just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date:  August 24, 2021.

            Respectfully submitted,
            BOBER & BOBER, P.A.
            Attorneys for Plaintiff
            2699 Stirling Road
            Suite A-304
            Hollywood, FL 33312
            Phone: (954) 922-2298
            Fax: (954) 922-5455
            peter@boberlaw.com

            By: /s/.Peter Bober
               FBN:  0122955